UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>        Plaintiff,  )<br>  )<br>v.  )<br>  )<br>JUSTIN R. TROTTER,  )<br>  )<br>        Defendant.  )<br>  ) | Case No.  12-M-6085-02-KGG |

### ORDER OF DETENTION PENDING TRIAL

On May 17, 2012 a detention hearing was conducted in accordance with the Bail Reform Act, 18 U.S.C. §3142(f).  The Government appeared by and through Lanny Welch, Assistant United States Attorney.  The Defendant, Justin R. Trotter,  appeared in person and through appointed counsel, Jim Pratt.

The Government requested a detention hearing because of risk of flight and the safety of the community pursuant to 18 U.S.C. § 3142(f)(1)(E).  The Government urges the application of a presumption of detention under 18 U.S.C. § 3142(e) because probable cause exists to believe that the Defendant has committed an offense under the Controlled Substances Act for which a maximum penalty of ten years or more is prescribed.  The Defendant admits that the presumption is applicable, but argues that there are conditions of release which can be imposed by the Court that will allow Defendant to be released on bond and overcome the presumption.

The Court has heard and considered proffers from both parties.

The Government's motion for detention is **GRANTED**.  The following findings require the detention of the Defendant pending trial in this case:

1.	The nature of the charged offense is serious and carries substantial potential penalties.

2.	The law imposes a presumption in this case that no conditions or combination of conditions may reasonably assure the presence of the Defendant or the safety of the community. The presumption, in so far as assuring the presence of the Defendant, has not been overcome.

3.	The Defendant's recent criminal history evidences an inability or unwillingness to comply with court conditions, including failures to appear for court hearings. The Court finds that conditions set to assure the Defendant's appearance will likely be disregarded. The Court finds by a preponderance of the evidence that no conditions or combinations of conditions can assure the Defendant's presence.

4.	The Court has considered and adopted the recommendations contained in the Pretrial Services.

Defendant is advised of his right to seek a review and appeal of this order of release pursuant to 18 U.S.C. § 3145(b).

IT IS THEREFORE ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Dated at Wichita, Kansas, this 17th day of May, 2012.

                                              s/ KENNETH G. GALE
                                              KENNETH G. GALE
                                              United States Magistrate Judge