FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

'12 AUG 28 PM 3:32

CLERK, U.S. DISTRICT COURT
BW

| UNITED STATES OF AMERICA, | } | |
| --- | --- | --- |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | No. 12-10137-02-MLB |
| | } | |
| JUSTIN R. TROTTER, | } | |
| | } | |
| Defendant. | } | |

**PLEA AGREEMENT**

The United States of America, by and through Assistant United States Attorney, Debra L. Barnett, and Justin R. Trotter, the defendant, personally and by and through defendant's counsel, James R. Pratt, hereby enter into the following plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1.   **Defendant's Guilty Plea.**   The defendant agrees to plead guilty to Count(s) Three (3) of the Indictment charging a violation of Title 21, United States Code, §§ 841(a)(1) and 2, that is, distribution of a controlled substance. By entering into this plea agreement, the defendant admits to knowingly committing this offense, and to being guilty of this offense. The defendant understands that the maximum sentence which may be imposed as to Count Three (3) of the Indictment to which the defendant has agreed to plead guilty is not more than twenty (20) years of imprisonment, a $1,000,000.00 fine, three (3) years of supervised release, no restitution and a $100.00 mandatory special assessment. The United

States agrees that at the time of sentencing it will move for dismissal of the remaining count in the Complaint.

2. **Factual Basis for the Guilty Plea.**   The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

> On May 9, 2012, a Wichita Police Department Undercover Detective (UC) texted the defendant, Justin R. Trotter, to discuss the purchase of drugs and possibly a firearm. The defendant asked the UC to meet him at a fast food restaurant in Wichita, Kansas.
>
> The UC went to the restaurant where he met the defendant and ate with him. During that time the UC and the defendant discussed the purchase of one ounce of methamphetamine. The defendant and UC agreed that they would get together the next day.
>
> On May 10, 2012, the UC contacted the defendant by phone. The defendant told the UC that the price for one ounce of methamphetamine would be $1,300.00 for the methamphetamine plus $200.00 for the defendant who arranged the deal.
>
> The UC and defendant met, at which time the UC gave the defendant $1,500.00 to buy the methamphetamine. The defendant instructed the UC to drive to an area behind 2461 South Ida in Wichita, Kansas. The defendant got out of the car, went to the front of this residence and went inside. When the defendant returned a short time later, he provided the UC a sandwich bag containing a substance or mixture with a detectable amount of methamphetamine inside. Shortly thereafter, the defendant and UC parted ways.
>
> The UC field tested the substance. It tested positive for the presence of methamphetamine and weighed approximately one ounce (or 28 grams).
>
> The defendant admits that he sold or distributed approximately one ounce of methamphetamine to another person on May 10, 2012, in Wichita, Kansas. The defendant admits that he took $1,500.00 from this person, who he now knows was an undercover police office. The defendant kept $240.00 and paid the rest to the co-defendant who supplied the defendant with the

2

methamphetamine used in this deal. The defendant admits that he knew he was distributing methamphetamine at the time of this transaction. The defendant further admits that he knew it was illegal to possess and distribute methamphetamine in the District of Kansas.

Furthermore, the defendant admits that the $240.00 found in his possession at the time of his arrest was part of the UC buy money used to purchase methamphetamine from his co-defendant. As such, the defendant admits that this money belongs to the Wichita Police Department and the defendant abandons any and all claims to this money.

**3.     Application of the Sentencing Guidelines.**     The parties request that the United States Sentencing Guidelines (Guidelines) be used to calculate a guideline range in this case. However, the parties are not asking the Court to follow the Guidelines. Instead, the parties have discussed and considered the facts of this case, the sentencing factors set forth in Title 18, United States Code, Section 3553, and the Guidelines. Based upon a review of all of this information, each party will make the sentencing recommendation it believes is appropriate at the time of sentencing. The parties would further advise the Court that the Sedgwick County Regional Forensic Science Center has not completed testing of the controlled substance seized in this case. As such, the parties do not know the actual quantity of methamphetamine or the "scientific" weight of the controlled substance. The parties know that this agreement is only binding on the parties and not the Court.

**4.     Relevant Conduct.**     The parties have not agreed to the application of the Guidelines, however, both the United States and the defendant understand that the conduct in any other uncharged related criminal activity will be considered as relevant conduct for

purposes of calculating the offense level for Count Three (3), in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

    5.    **<u>Government's Agreements.</u>**    In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

        a.    To not file any additional charges against the defendant arising out of the facts forming the basis for the present Indictment and/or Complaint; and

        b.    To recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, if the defendant's offense level is 16 or greater, the United States will move at the time of sentencing for the defendant to receive an additional one (1) level reduction for acceptance of responsibility because the defendant timely notified the government of his intention to enter a plea of guilty.

The government's obligation concerning its agreements listed in ¶ 5 are contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct that the court determines to be true, willfully obstructs or impedes the administration of justice as defined in U.S.S.G. § 3C1.1 (or willfully attempts to do so), or engages in additional criminal conduct, the United States reserves the right to request a hearing to determine if the defendant has breached this agreement.

In the event the Court finds the defendant has breached this plea agreement or otherwise failed to adhere to its terms, the United States shall not be bound by this paragraph

and may pursue any additional charges arising from the criminal activity under investigation as well as any perjury, false statement, or obstruction of justice charges which may have occurred. The defendant understands and agrees that in the event the defendant violates this plea agreement, all statements made by the defendant subsequent to the execution of this plea agreement, any testimony given by defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against the defendant in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements made by the defendant subsequent to this plea agreement.

6. **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence the defendant will receive.

7. **Withdrawal of Plea Not Permitted.** The defendant understands that if the court accepts this plea agreement but imposes a sentence with which the defendant does not agree, the defendant will not be permitted to withdraw this plea of guilty.

8. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against the

5

defendant at the time of sentencing. The burden of establishing an inability to pay the required special assessment lies with the defendant.

**9.     Waiver of Appeal and Collateral Attack.**     The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a). Not withstanding the forgoing waivers, the parties understand

that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

10. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552 and the defendant waives any rights conferred under the Privacy Act of 1974, Title 5, U.S.C. § 552a to prevent or object to the disclosure of records or materials pertaining to this case.

11. **Full Disclosure by United States.** The defendant understands the United States will provide to the court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty. The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has

the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

**12.    Parties to the Agreement.**    The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

**13.    No Other Agreements.**    The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that he has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that the defendant is entering into this

agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

*[Signature]*                  Date: 8/27/2012

Debra L. Barnett
Assistant United States Attorney
301 N. Main, Suite 1200
Wichita, Kansas 67202
316-269-6481
Ks.S.Ct. #12729

*[Signature]*                  Date: 8/27/2012

K. Michael Warner
First Assistant United States Attorney
Supervisor

*[Signature]*                  Date: 8-28-2012

Justin R. Trotter
Defendant

*[Signature]*                  Date: 8-28-2012

James R. Pratt
Attorney for Defendant Trotter
445 N. Waco
Wichita, Kansas 67202
316-262-2600
Ks.S.Ct.#17716

9