IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-10137-02-MLB |
| | ) |
| JUSTIN TROTTER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**SENTENCING MEMORANDUM**

COMES NOW, the defendant, Justin Trotter, by and through his attorney, James R. Pratt, and presents this memorandum in support of his position regarding sentencing.

**Legal Standards**

18 U.S.C. § 3553 (a) requires the Court to "impose a sentence sufficient, but not greater than necessary" to achieve the goals laid out in Subsection (a) (2). Subsection (a) (2) states that a sentence should reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, protect the public, and provide appropriate correctional treatment to the defendant.

In the determination of a "sufficient" sentence, the statute further requires the Court to consider a number of factors, including "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed [to accomplish the goals set out in (a)(2)]; (3) the kinds of sentence available; (4)

1

[] the sentencing ranges established . . . in the guidelines; (5) any pertinent policy statement . . . issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553 (a) (1). Importantly, the Sentencing Guidelines no longer provide mandatory sentencing ranges. Rather they are but on factor to be considered in determining the sufficiency of a sentence. *Gall v. United States,* 552 U.S. 38 (2007).

**The Court Should Impose a Non-Prison Sentence**

The factors laid out in 18 U.S.C. § 3553 (a) weigh in favor of a non-prison sentence for Mr. Trotter.

   A. *Nature and Circumstances of the Offense*

The distribution of methamphetamine is a very serious offense, and Mr. Trotter does not intend to minimize his conduct. However, his crime was the (relatively) unsophisticated crime of a drug addict. Mr. Trotter acted as a middle-man between his co-defendant and an undercover Wichita Police Department Detective. His actions were an attempt to make extra money to support himself and his own methamphetamine addiction.

   B. *History and Characteristics of the Defendant*

Mr. Trotter's personal history and drug addictions are set out with sufficient detail in the Pre-Sentencing Report that there is no need to repeat it here. However, it important to note that Mr. Trotter made no attempt to minimize his drug use or the extent of his addiction. It is counsel's belief that Mr. Trotter's forthrightness is the direct result of his

successful completion of in-patient treatment at Options here in Wichita. As his drug counselor, Krista Casmaer told the pre-sentence interviewer: "Mr. Trotter seems sincere in his determination to stay sober, and the death of Mr. Trotter's brother had a great impact on Mr. Trotter and his outlook."

Since his arrest and drug treatment Mr. Trotter has made great progress in his effort to once again become a productive and contributing member of the community. Since his completion of inpatient treatment, Mr. Trotter has maintained employment at Dog and Shake in Wichita.

M. Trotter also suffers from the blood disorder hemophilia. A person with this disorder does not produce the necessary clotting agents needed to stop the bleeding from a cut, a bruise or other abrasion. While this condition is treatable, treatments are very expensive. Mr. Trotter injects himself with a drug called Advate three times a week. Advate is a drug synthesized from Chinese Hamster Ovaries. Mr. Trotter receives Medicaid to help pay for these life saving drugs. However, any such assistance would end upon his incarceration.

Mr. Trotter does not mean to imply that the cost of his medications is reason alone to grant him a non-prison sanction, however, his medical condition and his ability to treat that condition himself is something the court can consider under both 18 U.S.C. §3553 and USSG §5H1.4 when deciding on an appropriate sentence.

Finally, Mr. Trotter's criminal history is related to his long time addiction to methamphetamine. His only prior felony conviction is for forgery, based on writing

checks from a stolen checkbook; a crime primarily committed by drug addicts. Mr. Trotter's other scoreable convictions include, a misdemeanor possession of marijuana, in the City of Wichita, and a misdemeanor possession of paraphernalia in the City of Goddard. His only other convictions include consumption of alcohol by a minor, and driving while suspended and no proof of insurance charges, both in the City of Goddard Municipal Court.

In fact, Mr. Trotter is in criminal category III because he remains on probation for his March 2009 conviction for paraphernalia in the City of Goddard. A situation likely caused by his extensive drug use and its effect on his ability to function responsibly.

C. *The goals of sentencing*

A non-prison sentence, along with a period of supervision, would be "sufficient, but not greater than necessary" to accomplish the goals of sentencing as outlined in 18 U.S.C. §3553. Mr. Trotter has spent the time since his arrest diligently working on two very important aspects of sentencing: reformation and rehabilitation. He has utilized his time on pre-trial release to its fullest. He has reintegrated himself back into society, where he is well on the way to once again becoming a productive and contributing member of the community.

A prison sanction in this case would not enhance any of the goals of sentencing. The consequences of violations of supervision, including incarceration, would, however, provide sufficient incentive for Mr. Trotter to comply with the terms of that supervision and continue with the tremendous progress he has made since his arrest.

D. *The kinds of sentences available*

This is a neutral factor as it relates to a variance, as the Court has numerous sentencing options at its disposal. These options include: a probation sentence, a sentence of time served with post-release supervision, or house detention.

E. *The need for restitution*

According to the pre-sentencing report, there is no restitution due in this case.

**Conclusion**

The guideline range is only one factor to be considered by the Court in imposing a "sufficient" sentence under 18 U.S.C. § 3553 (a). Therefore, when taken into consideration with all other relevant factors, including the information contained in the pre-sentencing report, a variance is warranted in this matter. Thus, Mr. Trotter would respectfully request that the Court impose a non-prison sentence together with a period of supervision and such conditions as this Court deems just and necessary. Such a sentence would be sufficient, but not greater than necessary, to accomplish the goals of sentencing outlined in 18 U.S.C. § 3553 (a).

RESPECTFULLY SUBMITTED,

s/ James R. Pratt
JAMES R. PRATT, #17716
445 N. Waco
Wichita, Kansas 67202
Ph: (316) 262-2600
Fax: (316) 262-2602
Jim@JamesRPrattLaw.com
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2012, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to each counsel of record in this case.

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: none

    s/James R. Pratt  
JAMES R. PRATT #17716  
Attorney for Defendant  
445 N. Waco  
Wichita, Kansas 67202  
Ph: (316) 262-2600  
Fax: (316) 262-2602  
Jim@JamesRPrattLaw.com